AMERICAN SAMOA GOVERNMENT, Plaintiff,

v.

AFUOLA KALASA, MELOMA AFUOLA,
and TOFAU P. GAOTEOTE, Defendants.

High Court of American Samoa
Trial Division

CR No. 66-99
CR No. 67-99
CR No. 85-99

March 28, 2000

Before KRUSE, Chief Justice, LOGOAI, Associate Judge, and SAGAPOLUTELE, Associate Judge

Counsel: For Plaintiff, Frederick O'Brien, Assistant Attorney General
For Defendant Afuola Kalasa, Arthur Ripley, Jr.,
For Defendant Meloma Afuola, Virginia L. Sudbury
For Defendant Tofau P. Gaoteote, Aitofele T. Sunia

ORDER GRANTING PLAINTIFF'S MOTION
TO AMEND INFORMATION

## Facts and Procedural History

Plaintiff American Samoa Government ("ASG") charged each defendant with 7 counts of conspiracy and 7 counts of forgery jointly in an information filed November 9, 1999, on grounds that they provided forged voter identification cards to 7 Vatia cricket team members. Meloma Afuola ("Meloma") is alleged to have transferred the cards from the Voting Office to the players. Co-defendants Afuola Kalasa ("Afuola"), Meloma's husband, and Tofau P. Gaoteote stand accused of having made the allegedly forged cards.

Afuola submitted a motion to dismiss on January 10, 2000, that asserted, *inter alia*, that the charges should be dismissed because they were vague and ambiguous. ASG requested leave to file an amended information on January 25, 2000, in order to clarify the charges and correct two defects. The first was a simple oversight in that Count 2 failed to name a specific defendant. The second defect was that ASG had charged all three defendants with both conspiracy and the underlying offense of forgery with regards to each of the seven cards, an exercise clearly forbidden by A.S.C.A. § 46.3410. ASG claims to have cured this defect by amending the information to charge the forgery counts based on the making of the cards and charge the conspiracy counts based on the transfer of the cards. ASG, however, neglected to move for a hearing on its motion to amend and as a result was required to resubmit its motion to amend the information.

ASG moved to amend the information again on March 6, 2000. This amendment was identical to that tendered earlier, except for the removal of Counts 6 and 13. This leaves, at present, an information charging each defendant with six, rather than seven, counts of both forgery and conspiracy. Counsel for Afuola reiterated his objection to the information at a hearing held on March 14, 2000, arguing that the amended information continued to violate A.S.C.A. § 46.3410.

## Discussion

### A. Amendment under TCRCrP 7(e)

■ T.C.R.Cr.P. 7(e) grants the Court discretion to permit the prosecution to amend an information if no additional or different offense is charged. The Court agrees with the prosecution that it has not charged any additional or different offenses. The forgery and conspiracy counts in the original and proposed amended informations are identical, aside from the facts used to support them. The original forgery counts were based on the use, possession, or transfer of the cards, whereas the new counts instead allege that defendants made the cards.

ASG has, however, made yet another error in that the amended forgery counts are erroneous in citing A.S.C.A. § 46.4115(a)(3) as the basis for these counts. This subsection makes it a crime to use or transfer forged documents, whereas the allegations supporting these counts in the amended information state that the defendants made the documents. The making of forged documents is properly prosecuted under A.S.C.A. § 46.4115(a)(1) or (2). ASG should have substituted subsections 1 or 2 for subsection 3 in counts 7 through 12 of the amended information.

Discussion of the amended information before us is, however, moot because it violates both A.S.C.A. § 46.3410 and the prohibition on multiplicitous charging.

## B. Conspiracy and Multiplicitous Charging

■ A.S.C.A. § 46.3410 prevents the government from prosecuting criminal defendants for both conspiracy and the underlying offense if they arise out of the "same course of conduct." It appears obvious that the applicable course of conduct in this case is the forgery of the cards, and thus A.S.C.A. § 46.3410 requires that ASG make a choice between the conspiracy and forgery counts.

■ Even in the absence of A.S.C.A. § 46.3410, ASG's attempt to charge both forgery and conspiracy for a single forgery constitutes multiplicitous charging. ASG's attempt to charge conspiracy under ASCA § 46.4115(a)(3) for using or transferring a card and forgery under ASCA § 46.4115(a)(1) for making the same card creates, in effect, two counts out of one offense. The Ninth Circuit has held that each separate act (in that case each filing of papers) in furtherance of a bank fraud scheme may not be separately charged. *United States v. Molinaro*, 11 F.3d 853, 860 (9th Cir. 1993). Similarly, ASG is not permitted to charge two counts of forgery based on two separate acts (making and transferring) in the overall scheme of forging the cards. Charging multiple forgery counts on each card is prohibited as multiplicitous. Similarly, a conspiracy count based on a prohibited forgery count must be stricken as multiplicitous.

■ In sum, ASG's amended information is rejected because it improperly charges both conspiracy and forgery for the same conduct. The proper remedy for a multiplicitous indictment is an election or consolidation of the offending counts, and dismissal of the surplus counts. *See generally United States v. Universal Corp*, 344 U.S. 218 (1952). The entire indictment need not be dismissed. *See id.* ASG is accordingly granted leave to amend the information to cure the A.S.C.A. § 46.3410 and multiplicitous charging defects.

## Conclusion and Order

For the foregoing reasons, Plaintiff ASG's motion to amend the information is granted, but not with the amended information it has submitted. ASG is directed to submit a new amended information that complies with this order to the Court within 10 days of entry hereof.

It is so ordered.